IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
February 24, 2026
LAURA A. AUSTIN, CLERK
BY: s/ S. Neily, Deputy Clerk

JORDAN PEYTON, )
 )
    Plaintiff, )
 )      Case No. 7:23-cv-209
v. )
 )      By: Michael F. Urbanski
KARL KUHN, )      Senior United States District Judge
 )
    Defendant )

## ORDER

Pending before the court is Defendant Karl Kuhn's motion for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b), ECF No. 79. Plaintiff Jordan Peyton's Amended Complaint, ECF No. 17, sought monetary damages against Kuhn in his official capacity as the head coach of the Radford University baseball team. However, because Peyton's claim for damages against Kuhn in his official capacity was barred by sovereign immunity, Kuhn filed a motion for summary judgment. ECF No. 46. Thereafter, Peyton sought leave to amend the complaint to proceed against Kuhn in his personal capacity, ECF No. 56. The court entered an order on January 6, 2026, ECF No. 67, (1) granting in part and denying in part Kuhn's motion for summary judgment, and (2) granting Peyton's motion for leave to amend to proceed against Kuhn in his personal capacity. The court granted Kuhn's motion to continue the trial date due to the amendment. ECF No. 77. Thereafter, Kuhn filed the present motion for certification of an interlocutory appeal, ECF No. 79, contending that the court

1

improperly granted Peyton's motion for leave to amend. For the reasons that follow, the court **DENIES** Kuhn's motion for certification of an interlocutory appeal, ECF No. 79.

## I. Discussion

### A. Standard for Interlocutory Appeal

Kuhn argues that he has met the statutory standard under 28 U.S.C. § 1292(b) to certify the issue of "whether or not this Court applied the correct legal standard in determining Peyton's motion" for interlocutory appeal. ECF No. 82 at 2. Peyton responds that Kuhn fails to meet each element of § 1292(b). ECF No. 81. The court agrees that none of the elements of § 1292(b) are met here.

A district court may "exercise its discretion to certify an order for interlocutory appeal where (1) the order involves a controlling question of law, as to which (2) there is substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation." Consumer Fin. Prot. Bureau v. Nexus Servs., Inc., No. 5:21-cv-00016, 2023 WL 5019529, at *6 (W.D. Va. Aug. 7, 2023) (internal citations omitted). A moving party must satisfy all three elements of § 1292(b) for a court to certify an order for interlocutory appeal. Lord v. Senex L., P.C., No. 7:20-cv-00541, 2022 WL 97046, at *3 (W.D. Va. Jan. 10, 2022). However, even when a movant does so, the court has "unfettered discretion to decline to certify an interlocutory appeal if exceptional circumstances are absent." Nexus Servs., Inc., 2023 WL 5019529, at *7. Thus, the Fourth Circuit has warned that "§ 1292(b) should be used sparingly" and that its "requirements must be strictly construed." Myles v. Laffitte, 881 F.2d 125, 127 (4th Cir. 1989) (emphasis added).

First, the Court's January 6, 2026 order granting Peyton leave to amend does not involve a controlling question of law. A controlling question must be a "narrow question of pure law." Fannin v. CSX Transp., Inc., No. 88-8120, 1989 WL 42583 at *5 (4th Cir. Apr. 26, 1989). It cannot be rooted in the facts of a particular case, nor can it turn on a matter of judicial discretion. See Zinski v. Liberty Univ., Inc., No. 6:24-cv-00041, 2025 WL 1001163, at *2 (W.D. Va. Apr. 3, 2025) (internal citations omitted) (explaining that a pure legal question facilitates review by the Court of Appeals "without having to study the record"); see also United States ex rel. Michaels v. Agape Senior Cmty., Inc., 848 F.3d 330, 341 (4th Cir. 2017) ("[R]eview is not appropriate where . . . the question presented turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case."(internal citations omitted)). Here, the court applied Federal Rule of Civil Procedure 15, settled law, to the facts of this case. Rule 15, governing amended and supplemental proceedings, instructs courts to "freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2); see also Foman v. Davis, 371 U.S. 178, 182 (1962) ("[T]he grant or denial of an opportunity to amend is within the discretion of the District Court."). The court examined the record, noted the "inherent confusion in the pleadings[,]" and determined that justice required leave to amend. ECF No. 67. This fact-based discretionary judgment cannot present a controlling question of law.

Second, there is no substantial ground for difference of opinion. A substantial ground for difference of opinion requires more than mere disagreement with a court's ruling, but "a genuine doubt as to the correct legal standard to be applied." Gilmore v. Jones, No. 3:18-cv-00017, 2019 WL 4417490 at *4 (W.D. Va. Sep. 16, 2019) (internal citations omitted). It "may

3

arise if there is a novel and difficult issue of first impression, or if there is a circuit split and the controlling circuit has not commented on the conflicting issue." Id. (internal citations omitted). As there is no controlling issue of law here, there cannot be substantial ground for difference of opinion. Even so, it is neither novel nor difficult that Rule 15 applies to amended pleadings. Foman, 371 U.S. at 182; Zenith Radio Corp. v. Hazeltine Rsch., Inc., 401 U.S. 321, 330 (1971).

Finally, an immediate appeal from the order would not materially advance the litigation. "[T]he kind of question best adapted to discretionary interlocutory review is a narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or practical matter." Fannin, 1989 WL 42583 at *5. Even if Kuhn's argument can be classified as a "narrow question of pure law," it is not dispositive, as he contends. If the Court of Appeals found this court erred by failing to apply Federal Rule of Civil Procedure 16, it would remand the case to determine "good cause" to modify the scheduling order. This determination would not "completely dispose of this litigation" as Kuhn argues. ECF No. 82 at 4. An interlocutory appeal would only further delay this litigation.

### B. Federal Rule of Civil Procedure 16

Kuhn argues the court was required to analyze Federal Rule of Civil Procedure 16 in its ruling. ECF No. 79, 82. Even if Rule 16 applies, the factors under that rule are consistent with those under Rule 15. Therefore, the court had good cause to modify the scheduling order, ECF No. 12, to grant Peyton leave to amend to proceed against Kuhn in his personal capacity.

Rule 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). This determination "focuses on the timeliness

of the amendment and the reasons for its tardy submission; the primary consideration is the diligence of the moving party." Flores v. Va. Dep't of Corrs., No. 5:20-cv-00087, 2021 WL 7286032 at *2 (W.D. Va. Aug. 26, 2021) (internal citations omitted).

First, the court has already recognized the "inherent confusion in the pleadings[.]" ECF No. 67. Second, Peyton's counsel who filed the initial pleadings naming Kuhn in his official capacity was subsequently disbarred. Third, Kuhn responded to Peyton's claims throughout this litigation as if he understood they were against him in his personal capacity. Kuhn's counsel never purported to represent Radford University nor protect its interests. In fact, Kuhn subpoenaed the University as if it were a non-party. Finally, Kuhn is not prejudiced by the court granting Peyton leave to amend. The court granted Kuhn's motion to continue the trial and conduct additional discovery and file dispositive motions related to the personal capacity claim. ECF No. 77. In sum, there was good cause to modify the scheduling order.

## II.    Conclusion

For the foregoing reasons, Kuhn's motion for certification of an interlocutory appeal is **DENIED**.

Entered: February 23, 2026

Michael F. Urbanski
Senior United States District Judge